UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VON ROHR EQUIPMENT CORP.,

          Plaintiff,

-against-

TANNER BOLT & NUT CORP., JEFF
TANNENBAUM & BRIAN SCHRODER,

          Defendants.
----------------------------------------------------------------X

**ORDER**

17-CV-2913 (NGG) (RER)

NICHOLAS G. GARAUFIS, United States District Judge.

      On May 12, 2017, Plaintiff Von Rohr Equipment Corp. filed this action seeking monetary and injunctive relief against Defendants Tanner Bolt & Nut Corp. ("Tanner"), Jeff Tannenbaum, and Brian Schroder. (Compl. (Dkt. 1).) Plaintiff alleges that Tanner and Tannenbaum obtained certain confidential business information from Schroder, who was formerly employed with Plaintiff, and are using that information to achieve an unfair commercial advantage over Plaintiff. (See, e.g., id. ¶ 1.) The Complaint seeks, among other things, preliminary and permanent injunctions enjoining Defendants from using any of Plaintiff's confidential information that is allegedly in their possession. (See id. at ECF pp.18-19.) Plaintiff also sought a temporary restraining order ("TRO") immediately enjoining Defendants from using the confidential information. (See Unsigned Order to Show Cause (Dkt. 3).)

      Following an ex parte hearing held on May 12, 2017, the court granted Plaintiff's motion for a TRO and ordered Defendants to show cause why a preliminary injunction should not be issued. (Order to Show Cause (Dkt. 9); see also May 12, 2017, Min. Entry.) The court further directed that hearings on the preliminary injunction would be held before Magistrate Judge Ramon E. Reyes, Jr. (See Order to Show Cause at 2).

1

Following the evidentiary hearings, Judge Reyes issued a Report and Recommendation ("R&R") on the record on May 17, 2017, recommending that the court deny Plaintiff's motion for a preliminary injunction. (May 17, 2017, R&R.) No party has objected to Judge Reyes's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(1).[1] (See also May 17, 2017, R&R ("Objections to this R&R must be filed with the Honorable Nicholas G. Garaufis by 5/31/2017.").) Therefore, the court reviews the R&R for clear error. See Andrews v. LeClaire, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). The court has reviewed the record of the hearings held before Judge Reyes and, finding no error, ADOPTS IN FULL the R&R. Accordingly, Plaintiff's motion for a preliminary injunction is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
June 9, 2017

s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] A number of courts have held that motions for preliminary injunctions are dispositive within the meaning of Rule 72 of the Federal Rules of Civil Procedure. See Mitchell v. Century 21 Rustic Realty, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002) (collecting cases) As a consequence, an R&R concerning a preliminary injunction is assessed under Rule 72(b), requiring any sections of the R&R to which a party has properly objected to be reviewed for clear error. Mitchell, 233 F. Supp. 2d at 430; cf. also Thurmond v. Bowman, 199 F. Supp. 3d 686, 688 (W.D.N.Y. 2016) (applying de novo review to objected R&R concerning preliminary injunction). While the court follows these cases in applying Rule 72(b) here, it notes that this determination is not necessary to deciding the present motion: no party has objected to this R&R, and so review is based on the same "clear error" standard that would apply to a nondispositive motion. Cf., e.g., Allen v. United Parcel Serv., Inc., 988 F. Supp. 2d 293, 297 (E.D.N.Y. 2013) ("For a dispositive matter, the district court . . . reviews for clear error the parts of the R&R to which the parties do not object. For a non-dispositive matter, the district court reviews the R&R for clear error." (internal citations omitted)).